UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20693-CR-SEITZ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

PETER SOTIS and
EMILIE VOSSIEM,

        Defendant.
_____/

**UNITED STATES' BENCH MEMORANDUM**
**<u>REGARDING CRIMINAL FORFEITURE</u>**

Pursuant to Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure,[1] the United States of America (hereinafter, the "United States" or the "Government"), by and through its undersigned counsel, hereby respectfully requests that the Court, before the jury begins its deliberations, inquire whether defendants Peter Sotis and Emilie Vossiem (collectively, "Defendants") requests that the jury be retained after a guilty verdict to determine the forfeitability of the specific property sought for criminal forfeiture. To aid the Court, the United States also

---

[1] Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure, which establishes a right to a jury trial on the forfeiture allegations, states, in relevant part:

   (5) *Jury Determination.*
     (A) *Retaining the Jury.* In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, *the court must determine before the jury begins deliberating* whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

Fed. R. Crim. P. 32.2(b)(5)(A) (emphasis added).

1

submits this memorandum on the applicable rules and procedure governing criminal forfeiture in this case and the accompanying proposed jury instructions and a special verdict form. The United States is not requesting to retain the jury for forfeiture.

## I.     BRIEF PROCEDURAL HISTORY

On October 24, 2019, a grand jury sitting in the Southern District of Florida returned an Indictment against the Defendants charging them in Count 1 with conspiracy to export items in violation of the International Emergency Economic Powers Act ("IEEPA") in violation of 18 U.S.C. § 371; in Count 2 with export and attempted export of goods in violation of IEEPA in violation of 50 U.S.C. § 1705(a) & (c); and in Count 3 with smuggling of goods in violation 18 U.S.C. § 554(a).[2]  Indictment, ECF No. 3.

The Indictment also contained forfeiture allegations, which alleged that upon a conviction of a violation of 50 U.S.C. § 1705 or 18 U.S.C. § 554, as alleged in the Indictment, the defendant shall forfeit to the United States any property, real and personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to 18 U.S.C. § 981(a)(l)(C); and any merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation, pursuant to 19 U.S.C. § 1595a(d).  *Id.* at 10-11.

The Indictment alleged that the property subject to forfeiture pursuant to 19 U.S.C. §

---

[2] The Indictment also charged Emilie Voissem in Count 4 with false statements in violation of 18 U.S.C. § 1001(a)(2).  That offense does not carry forfeiture in this case.

1595a(d) includes: four (4) rEvo III rebreathers that were exported or attempted to be exported to Libya on or about August 12, 2016 (hereafter, the "Property"). *Id.* The United States is not seeking forfeiture of any specific property pursuant to 18 U.S.C. § 981(a)(1)(C).

## I. RULES AND PROCEDURE FOR BIFURCATED FORFEITURE PROCEDURE

### A. Jury's Role and Requirements

Should the jury return a verdict finding the Defendant guilty of Counts 1, 2 or 3 of the offenses charged in the Indictment, the Government will seek the criminal forfeiture of the Property.

As part of a defendant's sentence, forfeiture is determined by the Court. *See Libretti v. United States*, 516 U.S. 29 (1995); Fed. R. Crim. P. 32.2(b)(1)(A). However, in cases tried before a jury involving the forfeiture of specific property, either party has a right to retain the jury to determine whether the requisite forfeiture nexus exists. Fed. R. Crim. P. 32.2(b)(5). In such cases, "the court must determine *before the jury begins deliberating* whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." Fed. R. Crim. P. 32.2(b)(5)(A) (emphasis added). If a timely request is made to retain the jury, the Government will submit a special verdict form asking the jury "to determine whether the government has established the requisite nexus between the property [sought for forfeiture] and the offense committed by the defendant." Fed. R. Crim. P. 32.2(b)(5)(B); *accord United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) (If a "party requests that a jury determine the forfeitability of specific property, the district court must submit that question to the jury by way of a special verdict form.").

In accordance with Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure, the

Government again respectfully requests that the Court, before the jury begins its deliberations, inquire whether the Defendant requests that the jury be retained after guilty verdict to determine the forfeitability of the Subject Assets.

### B. Burden of Proof

The standard of 19 U.S.C. § 1615 apply to forfeitures pursued under Title 19 of the United States Code. Section 1615, of Title 19, provides that the Government bears the burden of demonstrating probable cause to believe that property is subject to forfeiture. *See also*, *United States v. Any and All Funds on Deposit in Account Number 0139874788*, 2016 WL 4535036, *4 (S.D.N.Y. Aug. 29, 2016).

### C. Relevant Evidence

The determination of forfeitability of specific property "may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). Neither the Federal Rules of Evidence, nor any other rule, prohibits the Court from admitting hearsay statements or any other information that the Court accepts as relevant and reliable. *See* Fed. R. Evid. 1101(d)(3) (stating that the Federal Rules of Evidence are inapplicable in sentencing proceedings).

In addition to evidence already in the record in this case, the Government may present additional evidence during the forfeiture phase of trial, as permitted by Rule 32.2(b)(1)(B) of the Federal Rules of Criminal Procedure.

### D. Third-Party Interests

During the forfeiture phase of trial, the factfinder, either the jury or the Court, is not required to determine the extent of the Defendant's interest in the Property. Instead, that issue is reserved for the ancillary proceedings following trial. *See generally* Fed. R. Crim. P. 32.2; *see also* Fed. R. Crim. P. 32.2 advisory committee note (2000) (discussing reason for eliminating confusion over whether extent of defendant's ownership interest should be determined by the jury and for providing that under the new rule the court simply enters an order of forfeiture "of whatever interest a defendant may have in the property without having to determine exactly what that interest is").

## II. APPLICABLE CRIMINAL FORFEITURE STATUTE

If retained, the jury's sole inquiry in the forfeiture phase of trial would be "whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(B). Below is the applicable criminal forfeiture statute in this case, which sets forth the requisite forfeiture nexus for the listed offenses.

Section 1595a(d), of Title 19, subjects to forfeiture any "[m]erchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law." Pursuant to 28 U.S.C. § 2461(c) provides that all property subject to civil forfeiture is also subject to criminal forfeiture, and the procedures set forth 21 U.S.C. § 853 apply to such forfeitures.

                        Respectfully submitted,

                        JUAN ANTONIO GONZALEZ
                        ACTING UNITED STATES ATTORNEY

By:    */s/ Nicole Grosnoff*
          Nicole Grosnoff
          Court ID No. A5502029
          Assistant United States Attorney
          nicole.s.grosnoff@usdoj.gov
          U.S. Attorney's Office
          99 Northeast Fourth Street, 7th Floor
          Miami, Florida 33132-2111
          Telephone: (305) 961-9294
          Facsimile: (305) 536-4089